[No. 21790.   Department Two.   July 12, 1929.]

ROBERT BOWERS *et al., Respondents,* v. FRANK W. FOSTER *et al., Appellants.*[1]

*Roberts, Skeel & Holman* and *A. P. Curry,* for appellants.

*Vanderveer & Levinson,* for respondents.

FRENCH, J.—The respondents, husband and wife, had been, for a year prior to May, 1927, living in a house which they leased in Seattle, Washington. They had given notice of their intention to move away from the premises, and the house being in need of repairs, the owner employed appellant, Frank W. Foster, a contractor, to do the work. Foster employed a carpenter and laborer, who actually did the work, while he inspected the work once or twice a day. The men had been working for a day or two, and on the after-

[1]Reported in 278 Pac. 1072.

noon of May 5, 1927, Mrs. Bowers, accompanied by a boarder in the house, returned to the premises about 4:00 p. m., and found that the floor boards of the porch had been removed excepting those immediately in front of the door and extending from the door to the porch steps. As to whether these had been removed and replaced there is some dispute, and we will refer to that matter later.

That evening, Mrs. Bowers opened the front door of the house, stepped out and was injured, brought this action to recover damages, the case was tried before the court with a jury, and from a judgment in her favor, this appeal follows.

The assignments of error go to but two questions: First, that the jury were not properly instructed; and second, that appellants are entitled to a dismissal as a matter of law.

█ The instructions particularly complained of are as follows:

"(4) Every person has a right to assume, until he either has, or by the exercise of reasonable care should have, notice to the contrary, that other persons engaged in doing acts dangerous to their security will perform said acts in a reasonably safe and careful manner; and the mere failure to anticipate and guard against negligence on the part of another which one has no occasion to foresee is not contributory negligence.

"(5) The law does not impose upon the plaintiff Johanna Bowers, the fixed duty of examining or inspecting the porch floor in front of her doorway for the purpose of discovering defects which were not open, apparent or obvious. Her duty with reference to that matter was to exercise that degree of care in using the flooring which a reasonably prudent person would have exercised under all of the same circumstances. If she did this, she was not guilty of contributory negligence."

Instruction No. 4 is correct as an abstract statement of law, and has been approved by this court in practically the identical language in which given. *Steele v. Northern Pacific R. Co.*, 21 Wash. 287, 57 Pac. 820.

Instruction No. 5 necessarily follows, and is merely a corollary of instruction No. 4, and both instructions are clearly applicable to the facts in the case at bar. We think the requested instructions, in so far as the same are applicable to this case, and in so far as the same state correct principles of law, were fully covered in the instructions given.

■ Respondents' testimony as to what occurred is as follows:

"Q. What had been done to the porch during your absence? A. Well, all the boards had been taken up on the south side, and on the north side, with the exception of the pathway from the front door out to the end of the porch. Q. What was there there? A. There was flooring boards lying down to walk on. Q. Do you know whether they had been taken up or not? A. It looked like to me they had been taken up and put back. Q. How did those boards appear when you came home that day? A. Perfectly secure."

On the evening in question, about 10:00 o'clock, Mrs. Bowers opened the front door and stepped out, and as she states, "the boards went down with me when I walked out;" or, as she states in another place, "I walked out the front door on these boards and flopped down. Something hit me right over here (indicating)." A number of witnesses testified that all of the boards had apparently slipped off the stringer and given way when Mrs. Bowers fell. Other witnesses testified that the floor boards at this particular place had never been removed and were still intact the next morning. The evidence clearly shows that, when Mrs. Bowers returned home about four o'clock on the afternoon of the accident, and this seems to have been the last time her

attention was called to the condition of the front porch, the floor boards extending from the front door to the porch steps were in place. At least three people testified they had crossed on these boards with apparent safety, and there could, of course, be no other apparent purpose for their being there excepting to walk on in going in and out of the front door of the house. Respondent freely admits that she knew there was danger on each side of this narrow board walk extending from the door to the steps. Her statement is that she stepped on the boards and the boards gave way with her.

There is also testimony from which the jury might well have found that these boards had been taken up and then replaced without being so fastened as to properly hold them in position. If the jury believed, and they had a right to believe from the testimony, that these boards had been placed in such a position between the front door of the house and the porch steps as to constitute an apparent invitation to use them, and were so insecurely fastened in place, or not fastened at all, that the ends of the boards worked loose from the joist or sill on which they rested, and thus gave way, causing the injury complained of, we think it could not be questioned but what this would constitute negligence on the part of the appellant. This walk had been used by Mrs. Bowers, the respondent, and two or three members of her family during the short time it had been there. They testified fully as to the apparent condition and appearance of the boards, and from other testimony the jury had a right to believe that the boards not only had been placed there for the purpose of use of the family, but that it was perfectly safe to use them. The question of contributory negligence thus becomes a disputed question of fact for the jury.

We can find nothing in this case but questions of fact, and the jury seem by their verdict to have adopted the facts most favorable to respondents' contention.

Judgment affirmed.

MILLARD, FULLERTON, PARKER, and MAIN, JJ., concur.